**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO E. LOVATO, | No. 13-71144 |
| Petitioner, | |
| | Agency No. A092-715-109 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Francisco E. Lovato, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012), and we review for substantial evidence the agency's findings of fact, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Lovato does not challenge the agency's dispositive finding that his asylum application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to Lovato's asylum claim.

Lovato does not challenge the agency's finding that he failed to establish past persecution, and substantial evidence supports the agency's finding that Lovato failed to establish it is more likely than not that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's desire to be free from harassment or random violence has no nexus to a protected ground); *see also Fakhry v. Mukasey*, 524 F.3d 1057, 1066 (9th Cir. 2008) (evidence did not compel a finding of future persecution). We lack jurisdiction to consider Lovato's claim based on a drug and gang war in El Salvador because he did not raise it to the agency. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (petitioner must exhaust issues or claims in administrative proceedings below). Thus, we deny the petition as to Lovato's

13-71144

withholding of removal claim.

Substantial evidence supports the agency's denial of Lovato's CAT claim because he failed to establish it is more likely than not that he would be tortured by the El Salvadoran government, or with its consent or acquiescence. *See Silaya*, 524 F.3d at 1073.

Finally, we lack jurisdiction to consider Lovato's contentions regarding his cancellation of removal claim because he failed to raise the issue before the BIA. *See Sola*, 720 F.3d at 1135.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**